**Maria De Jesus Palomino NAVARRO,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Maria De Jesus Palomino
Navarro, Petitioner,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Nos. 07–71858, 07–73948.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.[*]

Filed Sept. 12, 2008.

Maria De Jesus Palomino Navarro, Moreno Valley, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM [**]

Maria De Jesus Palomino Navarro, a native and citizen of Mexico, petitions pro

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of her application for cancellation of removal. Petitioner also petitions for review from the BIA's denial of her motion to reopen proceedings.

■ Petitioner's application for cancellation of removal was denied because she failed to establish the requisite exceptional and extremely unusual hardship to her United States citizen relatives. We lack jurisdiction to review this discretionary determination. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003); 8 U.S.C. § 1252(a)(2)(B). We retain jurisdiction to consider colorable due process claims arising in connection with a discretionary determination. *See Fernandez v. Gonzales,* 439 F.3d 592, 596 (9th Cir.2006). We reject petitioner's contention that her due process rights were violated by the IJ's refusal to grant a continuance. The IJ did not abuse her discretion in denying the request, *Gonzalez v. INS,* 82 F.3d 903, 908 (9th Cir.1996), and petitioner failed to show prejudice, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000).

■ Petitioner's petition for review of the BIA's denial of her motion to reopen must be dismissed for lack of jurisdiction because the motion addressed the same basic hardship ground previously considered by the IJ. *See Fernandez,* 439 F.3d at 600.

**PETITION FOR REVIEW DISMISSED IN PART, and DENIED IN PART in No. 07–71858; PETITION FOR REVIEW DISMISSED in No. 07–73948.**